**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BIOSPHERE INDUSTRIES, LLC, a California corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>BIOSHPERE ALTERNATIVES, BERKSHIRE CORPORATION, BRANDON LE, WELLS PLASTICS, LTD, and QINDAO KIWI BIO-PLASTIC CO., LTD<br><br>        Defendants. | Case No.  CV 08-01605 PA (CWx)<br><br>**CONSENT JUDGMENT** |

Based upon the stipulation of Plaintiff Biosphere Industries, LLC ("Plaintiff") and Defendants Biosphere Alternatives LLC, Berkshire Corporation, Brandon Le, Wells Plastics Ltd and Qingdao Kiwi Bio-Plastic Co., Ltd. (collectively "Defendants"), this Consent Judgment and Permanent Injunction ("Judgment") is entered in favor of Plaintiff and against Defendants, on Plaintiff's Complaint, as follows:

1.   The Court has personal jurisdiction over the parties.  The Court also has jurisdiction over the subject matter.  Plaintiff's Complaint alleges claims for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), Federal cyberpiracy under the Lanham Act, 15 U.S.C. § 1125(d), and pendent state claims.  Subject matter jurisdiction therefore exists pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a), (b).

2.   Plaintiff designs, manufactures and sells biodegradable and earth-friendly packaging, and containers used to package or serve food service products (examples being fast food trays and plates), and package non-food consumer products (examples being toy and electronics packaging).  Its products are marketed and sold both nationally and internationally, as well as through the Internet, all under the trademark BIOSPHERE.  At least as early as August 2004, Plaintiff's predecessor-in-interest first began using the trademark BIOSPHERE in connection with packaging and containers, in both intrastate and interstate commerce.

3.   Plaintiff owns the federally registered trademark BIOSPHERE.  The United States Patent & Trademark Office has issued to Plaintiff U.S. Registration No. 3,347,743 ("'743 Registration"), for goods in International Class 21, in connection with "containers for household and kitchen use, household containers

[Proposed] CONSENT JUDGMENT

for foods, bowls, cups, dishes and plates, muffin tins, pans, and trays." The United States Patent & Trademark Office also has issued to Plaintiff U.S. Registration No. 3,347,744 ("'744 Registration"), for goods in International Class 16, in connection with "packaging and containers comprised of starch-based materials in the nature of a paper substitute for food, beverages and consumer products." Both the '743 and '744 Registrations are valid and in full force and effect.

4. Plaintiff owns the websites and domain names <biosphereindustries.com>, <biosphereind.com>, <biosphererecycling.com>,<biospherepackaging.com>, and <biosphere-llc.com>. In addition to other marketing channels, Plaintiff markets its goods under its BIOSPHERE mark on these websites.

5. Defendant Berkshire Corporation is the registered owner of the top level domain names <biospherealt.com> and <biospherealternatives.com> ("Accused Domains"). Through the Accused Domains, and through other conduct independent of the Accused Domains, Defendants have operated, or contributed to the operation of, websites that advertise and offer for sale in interstate commerce goods that are competitive with, or related or complementary to Plaintiff's goods, all under or in connection with the trademarks BIOSPHERE, BIOSPHERE ALTERNATIVES, or another mark having the term BIOSPHERE as a component. Defendants' conduct as described herein has been without the authorization of Plaintiff.

6. Defendants and their officers, directors, members, employees and shareholders, affiliates, licensees, successors and assigns, as well as the agents, servants, and attorneys of the Defendants who are in active concert or participation with the Defendants, are hereby permanently restrained and enjoined from:

(a) Using in commerce the trademarks BIOSPHERE,

1  BIOSPHERE ALERNATIVES and BIOSPERE ALT,
2  any simulation, reproduction, copy, or colorable
3  imitation of either of those trademarks, or any
4  confusingly similar mark, in connection with goods or
5  services related or complementary to the packaging,
6  food service and biodegradable products industries.
7  (b) Reproducing, copying, or colorably imitating the
8  BIOSPHERE, BIOSPHERE ALERNATIVES and
9  BIOSPHERE ALT trademarks, or any confusingly
10 similar mark, and applying such reproduction, copy, or
11 colorable imitation to labels, signs, catalogs, brochures
12 or sell sheets, prints, packages, wrappers, receptacles or
13 advertisements intended to be used in commerce in
14 connection with any goods or services related or
15 complementary to the packaging, food service and
16 biodegradable products industries.
17 (c) using the BIOSPHERE, BIOSPHERE
18 ALERNATIVES and BIOSPHERE ALT trademarks, or
19 any confusingly similar mark, in any form of
20 advertisement or promotion broadcast by airwaves or
21 transmitted electronically or by display, streaming,
22 downloading or other method on any internet accessible
23 in the United States or its territories, in connection with
24 any goods or services related or complementary to the
25 packaging, food service and biodegradable products
26 industries.
27
28

(d) using the BIOSPHERE, BIOSPHERE ALERNATIVES and BIOSPHERE ALT trademarks, or any confusingly similar mark, on any internet website; using on any internet website accessible within the United States or its territories any word, statement, symbol, or image that suggests an affiliation, connection, sponsorship or other relationship between Plaintiff on the one hand, and the website operator or any of the Defendants on the other; and using any internet framing, link or advertising method, including but not limited to sponsored links, adwords, and keyword advertising, that uses in any manner the term BIOSPHERE for any commercial purpose.

7. Pursuant to the anticybersquatter piracy act, 15 U.S.C. §1125(d), the Accused Domains, namely <biospherealt.com> and <biospherealternatives.com> are hereby ordered transferred to Plaintiff. Plaintiff is also authorized to present this Consent Judgment to the domain name registrar for the Accused Domains, as the Court's order and its directions that such transfer of ownership of the Accused Domains be promptly carried out.

8. Within five court days of the date of entry of this Judgment, Defendants shall have, at their expense, destroyed any and all physical materials such as labels, pre-printed invoices or packing materials, brochures, sell sheets and advertisements, that use any mark incorporating the word "Biopshere". Defendants shall document the details of their compliance with this provision.

9. Within 30 days of the date of entry of this Judgment, Defendants shall serve on Plaintiff a report, signed under oath and describing the steps they have

taken to comply with this Consent Judgment. The report shall also be filed with the Court.

10. All pre-trial and trial dates are hereby vacated.

11. This Court shall retain continuing jurisdiction over the enforcement, construction and interpretation of this Judgment.

DATED: June 17, 2008

_____
Honorable Percy Anderson
United States District Judge

Presented by:

K. ANDREW KENT, State Bar No. 130097
RINCON VENTURE LAW GROUP
555 St. Charles Drive, Suite 107
Thousand Oaks, California
Telephone: (805) 557-0580
Facsimile: (805) 557-0480
Email: akent@rincongroup.com

Attorneys for Plaintiff
Biosphere Industries, LLC